UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ABRAHAM CLARK,

Case No. 25-10232

     Plaintiffs,

Hon. F. Kay Behm

v.

United States District Judge

HUNDINGTON BANK, *et al.*,

     Defendants.

_____ /

### OPINION AND ORDER DISMISSING CASE
### FOR FAILURE TO STATE A CLAIM AND
### <u>LACK OF SUBJECT MATTER JURISDICTION</u>

On January 24, 2025, Plaintiff Robert A. Clark ("Clark") filed a civil complaint *pro se*. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2), which this court held in abeyance but now **GRANTS**.

However, when an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v.*

1

*Williams*, 490 U.S. 319, 324 (1989).  Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678.  Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Clark filed a handwritten complaint (ECF No. 6).  However, the court noted that the complaint appears to be missing "page 6" of the complaint, along with "paragraphs 16 and 17."  *See* ECF No. 6,

PageID.42-43.  Clark also requested 60 days after his release to amend

his complaint.  Given that the court was concerned about applying the

section 1915(e) screening standards to Clark's complaint when a page

was missing, and when Clark had already asked the court for an

extension of time to amend his complaint, the court granted him an

extension to May 15, 2025 to submit an amended complaint or

otherwise submit the missing page(s) to his original complaint.  *See*

ECF No. 7, PageID.53.  Plaintiff did not do so.  Instead, he submitted an

updated address, as required by the court (ECF No. 13), and moved the

court for another extension of time because he is "unable to access the

local rules of Federal Procedure in my court district."  ECF No. 14,

PageID.66.  He also moves the court to appoint counsel in this civil case.

*Id.*  The court thus considers his current filings in light of its prior order

at ECF No. 7.

The court **DENIES** Plaintiff's motion for an extension of time to

its current orders (ECF No. 14).  The court finds that its prior orders

adequately explained to Plaintiff the need to amend his complaint, and

how to do so – there was no need for him to refer to any rules of

procedure to determine how he needed to proceed.  The court **DENIES**

his motion to appoint counsel (ECF No. 14), because as explained below,

Plaintiff has not convinced the court that it has subject matter jurisdiction over his claims, nor has he managed to state a claim upon which relief could be granted, and his case is instead **DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2) and Rule 12(b)(1).

## I.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  Federal courts generally may exercise jurisdiction over two types of cases: (1) those that "arise under federal law" ("federal question jurisdiction"), and (2) those in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties (diversity jurisdiction).  28 U.S.C. §§ 1331, 1332(a).  The party asserting jurisdiction bears the burden of pleading and establishing that the court has jurisdiction.  *See Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).  Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### A.    Federal Question Jurisdiction

First, the court considers whether Plaintiff has adequately pleaded any claim under federal law. To be sure, Plaintiff checks some boxes on the civil cover sheet which indicate that his claims arise under federal statutes. Specifically, he lists claims (at various points in his pleading) under RICO, the False Claims Act (qui tam), the National Wildlife Restoration Act, tax evasion, bank fraud, and seeks forms of equitable relief from the Department of the Interior. None are sufficient to state a federal claim.

Regarding RICO, and "bank fraud," Plaintiff first appears to be claiming that Defendants "Hundington Bank" and an unnamed Jane Doe "family friend" bank teller deposited checks rightfully belonging to him into a joint account for Plaintiff's grandparents-in-law, Defendants Robert A.E. Clark and Joyce Ann Clark. ECF No. 6, PageID.41. In these allegations, Plaintiff fails to assert a factual basis for his RICO claim against these defendants. To state a RICO claim requires so much more than what Plaintiff has alleged. Section 1962 makes it unlawful for "any person" to use money derived from a pattern of racketeering activity to invest in an enterprise, to acquire control of an enterprise through a pattern of racketeering activity, or to conduct an enterprise through a pattern of racketeering activity. *Sedima, S.P.R.L.*

*v. Imrex Co.*, 473 U.S. 479, 495 (1985) (citing 18 U.S.C. §§ 1962(a)–(c)).

To state a RICO claim under § 1962(c), a plaintiff must allege: (1) a

defendant's conduct, (2) of an enterprise, (3) through a pattern of

racketeering activity. *Sedima,* 473 U.S. at 496 (citing 18 U.S.C.

§ 1962(c)). By way of further example, to allege a plausible violation of

RICO conspiracy under § 1962(d), a plaintiff must state facts sufficient

to demonstrate all the elements of a RICO violation and plead the

"existence of an illicit agreement to violate the substantive RICO

provision." *Aces High Coal Sales, Inc. v. Cmty. Bank & Tr. of W.

Georgia*, 768 F. App'x 446, 459 (6th Cir. 2019) (citing 18 U.S.C.

§ 1962(d)). "Racketeering activity consists of acts which are indictable

under a number of federal statutes listed in 18 U.S.C. § 1961(1)(B)."

*Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th

Cir. 2012). Plaintiff's complaint contains none of the requisite factual

allegations to state a claim under RICO. He does not plead any illicit

agreement or any facts to support that agreement. He does not explain,

beyond his bare assertion, how or why the bank's depositing of his

checks was in fact fraudulent. Accordingly, Plaintiff's complaint does

not cross the line "from conceivable to plausible," and cannot proceed

without additional specific details about how cashing the checks in

6

question violates the RICO statute. *Twombly*, 550 U.S. at 570.

Meanwhile, whatever Clark is attempting to claim as "bank fraud," it

appears to more likely be some form of state law conversion or theft

claim and does not invoke this court's federal question jurisdiction. *See*

*Lamie v. Wright*, No. 1:12-cv-1299, 2014 U.S. Dist. LEXIS 58911, 2014

WL 1686145, at *20 (W.D. Mich. Apr. 29, 2014) (criminal statutes cited

by the plaintiff, including 18 U.S.C. § 1344 (bank fraud), did not support

a private cause of action for damages).

Similar problems underly Clark's "RICO" allegations against

Defendants Tom Wilhelm, Carey Wilhelm, and Tom Mickeny.  As best

the court can tell, Plaintiff appears to be claiming that the Wilhelms are

Realtors who produced "false" property documents to real estate

attorney Tom Mickeny, and that they collectively caused Carey and

Tom Wilhelm to fraudulently inherit 99% of Plaintiff's mother's estate.

ECF No. 6, PageID.46.  But to even get to that interpretation of events

requires substantially stretching the allegations Plaintiff has in fact

made.  Nowhere does Plaintiff explain what documents were

fraudulent, how these documents were fraudulent, or even what

circumstances in which these documents were provided to any third

parties, outside a passing reference to their presentation in "probate

7

court." No. 6, PageID.47. He also appears to claim that the Wilhelms caused his father's death with "bad medicine," which is left unexplained and strongly suggests a "frivolous" claim that can be dismissed outright. *See id.* Thus, Plaintiff's naked assertions that these Defendants somehow fraudulently obtained or transferred ownership of a property he apparently believes that he is legally entitled to are completely insufficient to make a "short and plain" statement of why he is entitled to relief. To the extent he might have pleaded any form of a fraud claim against these three defendants, that would be a state law claim and does not invoke this court's federal question jurisdiction.

Against the remaining Defendants Joyce Ann Clark, Georgia Kitchen Clark, and Darren Flag (power of attorney for Plaintiff's grandmother), all of whom are Plaintiff's family (or power of attorney for family) and allegedly operate a business called Clark's Tractors, Plaintiff pleads a broader array of claims, including RICO, some form of qui tam complaint, and tax evasion, but still fails to state any plausible federal claim or invoke this court's federal question jurisdiction. ECF No. 6, PageID.43-45. In part, a different problem exists as to these Defendants: a page appears to be missing from the complaint, and Plaintiff has not supplemented the record with a new copy of the

8

complaint or the missing paragraphs. *See* ECF No. 6, PageID.42-43 (paragraphs 16 and 17 do not appear and Plaintiff's page numbers jump from "5" to "7" in the lower left corner). The court is left with what has been presented. He appears to argue that these Defendants have, for years, been burying hazardous waste into the ground behind a farm (that, the court must infer, he is claiming to be the rightful owner of) in order to avoid fees at local scrapyards, paid employees in cash to avoid taxes, and altered meters on used equipment to make it appear newer to buyers. He also apparently asks the court to declare the land a "national or state park." *Id.* at PageID.44.

First, there is no private right of action for alleged violations of the tax code or for tax fraud. *See WRX LLC v. Bsi Grp. Am. Inc.*, No. 1:24-cv-1085, 2025 U.S. Dist. LEXIS 67564, at *12-13 (W.D. Mich. Apr. 9, 2025) (citing *Specht v. City of Eastlake*, No. 1:24-cv-00684, 2024 U.S. Dist. LEXIS 130220, 2024 WL 3521845, at *2 (N.D. Ohio July 24, 2024) (collecting cases)); *see also Turner v. Unification Church*, 473 F. Supp. 367, 377 (D. R.I. 1978) (the legislative scheme of the Internal Revenue Code "does not indicate that Congress intended to enforce these tax laws by providing civil causes of action or authorizing private attorneys general."). Plaintiff's claims regarding paying employees in cash, tax

evasion, and any sort of qui tam action based on those acts, therefore all fail to state a claim under federal law. *See* 31 U.S.C. § 3729(e) (exempting from qui tam actions under the False Claims Act "claims, records, or statements made under the Internal Revenue Code of 1986."). As far as Plaintiff tries to make a claim under the Wildlife Restoration Act, *see* ECF No. 6, PageID.44, that Act also "lacks a private right of action[.]" *Scarborough Citizens Protecting Res. v. U.S. Fish & Wildlife Serv.*, 674 F.3d 97, 99 (1st Cir. 2012). As to Plaintiff's RICO claim, Plaintiff does not explain how hazardous waste dumping might somehow fit under one of RICO's racketeering provisions. Nor will the court attempt to decipher some kind of RICO tax evasion scheme from the threadbare allegation that these Defendants sometimes tell customers to tell the IRS that they "own a farm." ECF No. 6, PageID.43; *see also Edwards v. Ellis*, No. 5:21-cv-00349-LCB, 2022 U.S. Dist. LEXIS 28865, at *4 (N.D. Ala. Feb. 1, 2022) ("Tax evasion, or the non-payment of taxes, is not included in the list" of predicate RICO offenses). And whatever fraud Plaintiff is claiming regarding the sale of used equipment, he makes no attempt to explain what federal law that is brought under.

The only quasi-federal claim that the court is able to discern is a possible claim under the Resource Conservation Recovery Act ("RCRA"), which permits suits against parties who contribute to improper storage, treatment, or disposal of solid or hazardous waste. *See Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1574 (5th Cir. 1988). But as to that possible claim, Plaintiff's claims and requested relief do not match; he wants a damages award and for the land that Clark's Tractors sits on to be "forfeited" to the Department of the Interior as a national park. While "RCRA creates a private right of action, 42 U.S.C. § 6972(a)(1), [] it limits the available remedies to 'civil penalties, injunctive relief, and attorney's fees.'" *Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-113-KS-MTP, 2016 U.S. Dist. LEXIS 177430, at *12 (S.D. Miss. Dec. 22, 2016). In other words, RCRA does not support claims for compensatory damages to plaintiffs, *see id.*, but here Plaintiff seeks just that (but did not include a claim for civil penalties). Further, Plaintiff is not an attorney, and the court has no plans to appoint one, so he is not eligible to collect attorney's fees. And regarding the requested injunctive relief, while the court could at least conceivably order Defendants to stop their allegedly illegal activity (assuming Plaintiff has standing to challenge their hazardous waste

11

dumping), the court is aware of no authority that would permit it to create a national park absent an act of Congress or Presidential designation under the Antiquities Act (nor is the Department of the Interior named a defendant in this case).

However, the court will not entertain this thin case, because the only evidence Plaintiff puts forth to establish his standing to challenge any alleged hazardous waste dumping by Clark's Tractors (and its owners) is that the toxic effect of this waste affects the well water of "Plaintiff's estate at 1032, 1009 [sic]." But elsewhere, Plaintiff's allegations make clear that he does not currently own that property: on the next page, he asks the court to "return ownership" of the property at 1032, 1009 Grange Hall Road, Fenton, MI, to him. ECF No. 6, PageID.45. By the terms of Plaintiff's own Complaint, then, he is not the owner of the property being affected by the hazardous waste dumping, and otherwise offers no factual allegations that he is impacted by its allegedly hazardous conditions. *See Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, 478 F. Supp. 3d 417, 427 (E.D.N.Y. 2020) (RCRA's admittedly broad citizen-suit provision is still subject to Article III's standing requirements). And, as stated elsewhere, Clark's bare assertion that others' ownership of that property is "fraudulent" is

implausible when he provides no other factual allegations to back up

that statement to explain how or why that is the case.  Further,

Plaintiff himself does not actually allege any violation of RCRA; the

court very liberally reads his allegations to possibly include such a

claim.  The court will not proceed in this thin, implausible posture when

Plaintiff has not even directly pleaded a RCRA claim, has not

established standing to do so, fails to ask for any relief the court could

grant, and thus finds that on the Complaint before the court, Clark has

failed to state a plausible federal claim upon which relief could be

granted.

Therefore, Plaintiff has failed to invoke this court's jurisdiction for

a claim that arises under federal law.

### B.    Diversity Jurisdiction

Thus, the only remaining possible basis of this court's subject

matter jurisdiction is diversity jurisdiction over his state law claims.

Construed very liberally, the Complaint contains the broad

brushstrokes of some sort of nuisance or trespass claim, or some form of

fraudulent theft of real property against the owners of Clark's Tractors,

which could, at least without diving into the weeds of state law, seem to

contain some kind of claim upon which relief could be granted.  But

again, by the terms of Plaintiff's own Complaint, he is not the owner of the property being affected by the hazardous waste dumping, and otherwise offers no factual allegations that he is impacted by its allegedly hazardous conditions.  And as stated elsewhere, his bare assertion that he is the rightful owner of the property does not meet the *Iqbal/Twombly* standard of plausibility when he provides no factual allegations whatsoever to back up that statement.  Finally, whatever claims Plaintiff is trying to make about the allegedly fraudulent deposits at the bank, the fraudulently mislabeled farm equipment, and the fraudulent transfer of property, his allegations – even liberally construed – are not at all clear and fall far short of providing the necessary "particularity" to allege fraud under Rule 9.  *See* Fed. R. Civ. P. 9(b).

Perhaps more importantly, all Defendants are alleged to reside in Michigan, and Clark himself alleges that he is a "born Flint, MI citizen and at all material times herein mentioned was a resident of Genesee and Oakland Counties, State of Michigan."  ECF No. 1, PageID.9. Clark is currently a prisoner located in Florida, but citizenship "'turns on 'domicile,'" not residence. *Prime Rate v. Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (quoting *Von Dunser v.*

*Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)). The Sixth Circuit has

described the determination of a prisoner's domicile:

> "'Domicile,' a legal term of art, requires that a
> person both be present in a state and have 'the
> intention to make his home there indefinitely or
> the absence of an intention to make his home
> elsewhere.'" *Id.* (quoting *Stifel v. Hopkins*, 477
> F.2d 1116, 1120 (6th Cir. 1973)). "A person's
> previous domicile is not lost until a new one is
> acquired." *Von Dunser*, 915 F.2d at 1072. There
> is a presumption that a prisoner retains his
> former domicile after incarceration in another
> state. *Stifel*, 477 F.2d at 1124. Specifically,
> courts have held that to find the presumption
> rebutted, a court must weigh intent alongside the
> other relevant factors, such as "possibility of
> parole for appellant, the manner in which
> appellant has ordered his personal business
> transactions, and any other factors that are
> relevant to corroboration of appellant's
> statements," *id.*, 477 F.2d at 1124, 1127,
> including whether the appellant is serving a life
> sentence. *Id.* at 1127 n.7. Rebutting this
> presumption requires more than
> "unsubstantiated declarations" regarding an
> intent to establish a new domicile. *See id.* at
> 1126.

*Williams v. Andreopoulos & Hill, LLC*, No. 23-1156, 2023 U.S. App.

LEXIS 30003, at *8 (6th Cir. Nov. 9, 2023).

Plaintiff alleges that he is serving 24 months in the Florida

Department of Corrections (allegedly until April 15, 2025). ECF No. 1,

PageID.10. He more recently has indicated to the court that he expects

to be released in mid-June, 2025.  ECF No. 14.  Despite this temporary residence, Plaintiff alleges that he is a "citizen" of Flint, MI, and "a resident of Genesee and Oakland Counties;" in other words, that he remains a citizen of Michigan.  The court therefore finds both that Plaintiff has not pleaded a complete diversity of citizenship in this case, and that he has failed to allege any claim based on diversity jurisdiction upon which relief could be granted.

## II.    Conclusion

For the reasons stated above, the court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), as well as under Rule 12(b)(1) for lack of subject matter jurisdiction.  A separate order of judgment will follow.

**SO ORDERED**.

Date: June 3, 2025                          s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge